Chancery.       **Bixler's Trustee *vs* Taylor, &c. and Bix-
                    ler *vs* Davis, Taylor, &c.**

                        Error to the Anderson Circuit.

Case 101.           *Trustees and trusts.   Frauds—statute of.*

May 1.      Judge Marshall delivered the opinion of the Court.

            According to the principles settled in the case of *Pen-*
See the case of *ny* vs *Davis, Trustee of Pierce,* decided at the present
*Penny* vs *Davis,*  term, the deed of trust set up in the original bill must
*Trustee, ante,* as
showing       the   be regarded as effectual to pass the title of the slave, Nice,
character of the  to the trustee, and also to create the trust therein expres-
title of the prop-
erty in contest.  sed, to prevent the operation of the statute of frauds upon
            the subsequent possession of the *cestui que trust,* Mrs.
            Bixler, and to protect the interest of her children, also
            *cestui que trusts,* in the same deed, against a sale made
            by Bixler and wife, to one having notice of the trust.
            The bill filed by Davis, therefore, in stating the facts to
            which these legal consequences apply, shows that the
            complainant has a plain and adequate legal remedy for
            recovering possession of the boy, Kit, who is subject to
            the trust. And although the alledged apprehension that
            the defendants may remove the boy out of the State,
            would furnish sufficient ground for asking a restraining
            order in aid of the legal remedy, which, however, is not
            alluded to in the bill, neither that allegation nor the charge
            of fraud in the manner in which the defendants, G. B.
            and W. Taylor obtained the boy from Bixler and wife, is
            sufficient to authorize the Chancellor to take jurisdiction
            for decreeing the final relief prayed for.

The Chancellor     There was no error, therefore, in dismissing the origi-
has jurisdiction  nal bill without prejudice. But the Chancellor undoubt-
at the instance of
*cestui que trust,*  edly has jurisdiction on the prayer of the *cestui que trusts,*
to enforce the
trust,     change  the infant children of Mrs. Bixler, to enforce the trust,
the trustee, and  to change the trustee as they desire, and to compel any
to compel others
who get posses-  others who have obtained possession of the trust proper-
sion of trust
property, know-  ty, with a knowledge of the trust, to surrender it to its
ingly, to surren-
der it.           proper custody and purposes. And we are clearly of

opinion that the cross bill of the infant Bixlers, makes out a proper case for relief on these grounds, which is at least so far supported by the evidence as to show a *prima facie* right to relief. And although there was a defect in the preparation of the suit on the cross bill, in consequence of no guardian *ad litem* having been appointed, and no answer having been filed for William Taylor, the infant defendant thereto, yet as the complainants were themselves infants, and their bill had been pending but a short time, and as it may have been supposed that the appointment of the guardian *ad litem,* and the answer filed for William Taylor, in the original case, was applicable also to the case on the cross bill—we are of opinion that this defect was not a sufficient ground for dismissing the cross bill even without prejudice, before time for supplying the omission had been allowed.

Wherefore, the decree dismissing the original bill is affirmed, but the decree dismissing the cross bill is reversed and the cause, on that bill, is remanded for further proceedings, not inconsistent with this opinion.

*Cates & Lindsey* for Davis and Bixler: *Hewitt* for Taylor, &c.